The court incorporates by reference in this paragraph and adopts as
the findings and orders of this court the document set forth below.
This document was signed electronically on May 21, 2010, which may
be different from its entry on the record.

**IT IS SO ORDERED.**



_____

**Arthur I. Harris**
**United States Bankruptcy Judge**

**Dated: May 21, 2010**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-18750 |
| | ) | |
| MARY BRIGID, | ) | Chapter 7 |
|     Debtor. | ) | |
| _____ | ) | |
| MARY ANN RABIN, | ) | Adversary Proceeding |
|     Plaintiff, | ) | No. 09-1062 |
| | ) | |
| v. | ) | Judge Arthur I. Harris |
| | ) | |
| MARY BRIGID, *et al.*, | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OF OPINION[1]

    This matter is currently before the Court on the cross-motions for summary

judgment of the plaintiff-trustee, Mary Ann Rabin, and defendant RBC Mortgage

Company. At issue is whether the trustee is entitled to avoid a mortgage because

the notary's certificate of acknowledgment failed to recite the name of the party

_____

    [1] This Memorandum of Opinion is not intended for official publication.

whose signature was acknowledged, notwithstanding a postpetition attempt to correct this omission. For the reasons that follow, the Court holds that the mortgage was not executed in accordance with Ohio's statutory requirements and can be avoided by the trustee as it relates to the undivided half interest of the debtor Mary Brigid. Accordingly, the trustee's motion for summary judgment is granted, and RBC Mortgage's motion for summary judgment is denied.

## FACTS AND PROCEDURAL BACKGROUND

Unless otherwise indicated, the following facts are not in dispute. The debtor Mary Brigid and non-debtor Susan Radbourne are joint owners of the real property located at 3000 Yorkshire Road, Cleveland Heights Ohio, 44118. The deed was recorded on September 10, 1999, and provides "Mary Brigid, unmarried and Susan M. Radbourne, unmarried remainder to the survivor of them." On July 9, 2003, RBC Mortgage extended a loan to Radbourne. The loan was secured by a mortgage of the real property, which was recorded in the Cuyahoga County Recorder's office, Instrument No. 20030110552 on July 11, 2003.

Page 26 of the mortgage (Docket # 38 Ex. D ) provides in pertinent part:

2

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any riders executed by Borrower and recorded with it.

WITNESSES:

X _____/s/ Brent A. White_____          _____/s/ Susan M. Radbourne_____
   Brent A. White                                     Susan M. Radbourne          -Borrower
                                                        _____/s/ Mary Brigid_____
                                                                       -Borrower

-----------------------[Space Below This Line For Acknowledgment]-------------------------

STATE OF OHIO

COUNTY OF __Cuyahoga_____

 On this _9_ day of _July 2003_, before me, a Notary Public in and for said County and State, personally appeared
_Susan M. Radbourne_____
_____Unmarried_____
_____
the individual(s) who executed the foregoing instrument and acknowledged that he/she/they did examine and read the same and did sign the foregoing instrument, and that the same is his/her/their free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

                                 _/s/ Brent A. White_____
                                   Notary Public
                                        (Seal)

                        *    *    *

On November 7, 2008, the debtor filed a petition under Chapter 7 of the Bankruptcy Code (case # 08-18750). On February 5, 2009, the trustee of the Chapter 7 estate initiated this adversary proceeding seeking to avoid the mortgage of RBC Mortgage as it relates to the debtor's half interest pursuant to section 544 of the Bankruptcy Code and to determine the interests of all parties in the property.

3

The complaint named as defendants Mary Brigid, Susan Radbourne, Mortgage Electronic Registration System, RBC Mortgage Company, Chase Home Finance, Huntington National Bank, the Cuyahoga County Treasurer, and the City of Cleveland Heights. The treasurer, City of Cleveland Heights, Mary Brigid, Susan Radbourne, and RBC Mortgage filed answers to the complaint. In its answer, the City of Cleveland Heights asserted a judgment lien in the amount of $1,316.80 at the rate of 5% interest from February 26, 2009, No. JL06258471. Radbourne asserted an undivided half interest in the property in question. She also brought a cross-claim for negligence against RBC Mortgage and requested a reservation of her right to purchase the real estate pursuant to Section 363(i). In its answer, RBC Mortgage asserted that the debtor held only bare legal title and that the trustee had constructive notice.

On June 4, 2009, all parties stipulated that the Cuyahoga County Treasurer has the first and best lien on the subject property for taxes and assessments. On December 27, 2009, the debtor's deposition was taken, at which the debtor acknowledged signing the mortgage outlined above. On January 13, 2010, attorney David A. Freeburg filed an affidavit of facts regarding the acknowledgment of the mortgage by Mary Brigid. On January 14, 2010, the trustee filed a motion for summary judgment seeking to avoid the mortgage held

4

by RBC Mortgage. On January 21, 2010, RBC Mortgage filed a cross-motion for summary judgment and a response. Briefing on the cross-motions for summary judgment is complete, and the Court is ready to rule.

## JURISDICTION

Determinations of the validity, extent, or priority of liens are core proceedings under 28 U.S.C. section 157(b)(2)(K). The Court has jurisdiction over core proceedings under 28 U.S.C. sections 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See*

5

*generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). The Court shall view all evidence in a light most favorable to the nonmoving party when determining the existence or nonexistence of a material fact. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

DISCUSSION

Under the "strong arm" clause of the Bankruptcy Code, the bankruptcy trustee has the power to avoid transfers that would be avoidable by certain hypothetical parties. *See* 11 U.S.C. § 544(a). Section 544 provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –

6

. . . .

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. §544.  Any transfer under section 544 is preserved for the benefit of the estate.  *See* 11 U.S.C. § 551.

The mortgage provides that federal law and the law of the jurisdiction in which the property is located will control.  Because the real property in question is located in Ohio, the Court will apply Ohio law to determine whether the trustee can avoid the mortgages using the "strong arm" clause.  *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir. 2001) (applicable state law governs determination whether hypothetical bona fide purchaser can avoid mortgage).

Under Ohio law, a bona fide purchaser is a purchaser who " 'takes in good faith, for value, and without actual or constructive knowledge of any defect.' " *Stubbins v. Am. Gen. Fin. Serv., Inc. (In re Easter)*, 367 B.R. 608, 612 (Bankr. S.D. Ohio 2007), *quoting Terlecky v. Beneficial Ohio, Inc. (In re Key)*, 292 B.R. 879, 883 (Bankr. S.D. Ohio 2003); *see also Shaker Corlett Land Co. v. Cleveland*, 139 Ohio St. 536 (1942).  The Bankruptcy

7

Code expressly provides that a bankruptcy trustee is a bona fide purchaser regardless of actual knowledge. *See In re Zaptocky*, 250 F.3d at 1027 ("actual knowledge does not undermine [trustee's] right to avoid a prior defectively executed mortgage."). Because actual knowledge does not affect the trustee's strong-arm power, the Court need only determine whether the trustee had constructive knowledge of the prior interests held by the defendant RBC Mortgage.

Ohio law provides that "an improperly executed mortgage does not put a subsequent bona fide purchaser on constructive notice." *Zaptocky*, 250 F.3d at 1028. Ohio courts have refused to allow a recorded mortgage to give constructive notice when the mortgage has been executed in violation of a statute. *See In re Nowak*, 104 Ohio St. 3d 466, 469 (2004) (listing cases). The first question, then, is whether the mortgage was executed in compliance with, or substantially conforms to applicable statutory law. A second question, if the mortgage was not executed in compliance, is whether the December 27, 2009, acknowledgment by Mary Brigid and the January 13, 2010, affidavit filed by attorney Freeburg corrected the defect. A third question, if the lien remains defective, is what interest the trustee is entitled to avoid.

8

*The Mortgage Was Not Properly Executed*
*in Accordance with Ohio Revised Code § 5301.01*

Ohio Revised Code § 5301.01 requires four separate acts to properly execute a mortgage: (1) the mortgage shall be signed by the mortgagor; (2) the mortgagor shall acknowledge his signing in front of a notary public, or other qualified official; (3) the official shall certify the acknowledgment; and (4) the official shall subscribe his name to the certificate of acknowledgment. OHIO REV. CODE ANN. § 5301.01(A) (2004); *see Drown v. GreenPoint Mortgage Funding, Inc.* (*In re Leahy)*, 376 B.R. 826, 832 (Bankr. S.D. Ohio 2007) (listing four requirements provided by Ohio Rev. Code. § 5301.01).[2] At issue in this case is whether the certificate of acknowledgment, which omitted the name of Mary Brigid, satisfies the third requirement to proper execution of a mortgage.

Certification of an acknowledgment is governed by Ohio Revised Code sections 147.53-147.58. Ohio Revised Code section 147.53 provides:

---

[2] In *Zaptocky*, the Sixth Circuit identified "three major prerequisites for the proper execution of a mortgage: (1) the mortgagor must sign the mortgage deed; (2) the mortgagor's signature must be attested by two witnesses; and (3) the mortgagor's signature must be acknowledged or certified by a notary public." *Zaptocky*, 250 F.3d at 1024. The differences between *Zaptocky's* three requirements and *Leahy's* four requirements are (A) the deletion in *Leahy* of *Zaptocky's* second requirement – attestation by two witnesses – due to a change in the statute, and (B) the *Leahy* court's breaking down of *Zaptocky's* third requirement – certification of acknowledgment – into three separate parts.

9

The person taking an acknowledgment shall certify that:

(A) The person acknowledging appeared before him and acknowledged he executed the instrument;

(B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

The Ohio Revised Code further provides that a certificate of acknowledgment is acceptable in Ohio if it is in a form prescribed by the laws or regulations of Ohio or contains the words "acknowledged before me," or their substantial equivalent. OHIO REV. CODE § 147.54. Ohio's statutory short form acknowledgment for an individual is as follows:

State of _____

County of _____

The foregoing instrument was acknowledged before me this (date) by (name of person acknowledged.)

(Signature of person taking acknowledgment)
(Title or rank) (Serial number, if any)

OHIO REV. CODE § 147.55(A).

The trustee argues that the mortgage was improperly recorded because the certification of acknowledgment does not conform to section 5301.01 of the Ohio Revised Code with respect to the debtor. Specifically, the trustee asserts that the

10

clause fails to identify the name of the debtor. The Court agrees. Recent case law, including a 2008 decision from the Sixth Circuit BAP, supports the trustee's position that an acknowledgment is defective if it fails to identify the person whose signature is being acknowledged. See *In re Nolan*, 383 B.R. 391, 396 (6th Cir. B.A.P. 2008); *In re Sauer*, 417 B.R. 523 (Bankr. S.D. Ohio 2009); *Daneman v. Nat'l City Mortg. Co. (In re Cornelius)*, 408 B.R. 704, 708 (Bankr. S.D. Ohio 2009) ("The absence of the name of the mortgagee acknowledging election is the functional equivalent of no certificate of acknowledgment and renders an acknowledgment insufficient."); *Drown v. Countrywide Home Loans, Inc. (In re Peed)*, 403 B.R. 525, 531 (Bankr. S.D. Ohio 2009) *affirmed* at No. 2:09cv347 (S.D. Ohio Feb. 18, 2010); *Terlecky v. Countrywide Home Loans, Inc. (In re Baruch)*, No. 07-57212, Adv. No. 08-2069, 2009 Bankr. Lexis 608 at *22 (Bankr. S.D. Ohio Feb. 23, 2009) ("An acknowledgment clause containing nothing relative to the mortgagor's identity is insufficient; rather, an acknowledgment clause must either identify the mortgagor by name or contain information that permits the mortgagor to be identified by reference to the mortgage."); *In re Leahy*, 376 B.R. at 832. *See also Smith's Lessee v. Hunt*, 13 Ohio 260, 269 (1844) (holding that court was unable to infer name of grantor when acknowledgment was blank as to the grantor and, thus, the mortgage was

11

defective and did not convey title).

The holdings in *Nolan*, *Smith's Lessee*, and similar cases are also supported by case law interpreting almost identical statutory provisions for acknowledgment clauses in Kentucky and Tennessee.  *See, e.g., Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004) (affirming bankruptcy court's decision avoiding deed of trust under section 544 and Tennessee law when deed of trust omitted names of acknowledging parties); *Select Portfolio Servs. v. Burden (In re Trujillo)*, 378 B.R. 526 (6th Cir. B.A.P. 2007) (affirming bankruptcy court's decision avoiding mortgage under section 544 and Kentucky law when debtor was not named or identified in certificate of acknowledgment).

Because RBC Mortgage conceded that at the time of execution the mortgage was defective, and because no argument was made regarding substantial compliance, this Court holds that the mortgage failed to substantially comply with the filing requirements.  Therefore, the mortgage was improperly executed with respect to the debtor because the certification of acknowledgment failed to indicate who appeared before the notary public as required under Ohio Revised Code section 5301.01.

12

*RBC Mortgage's Attempt to Validate the Defective Mortgage via Section 5301.45 is Ineffective*

The Court rejects the argument of RBC Mortgage that Ohio Revised Code section 5301.45 and Bankruptcy Code section 546(a)(1) allow it to correct a defective acknowledgment and defeat the trustee's strong arm powers by using the debtor's testimony taken at a deposition postpetition. First, section 5301.45 simply does not apply to any situation other than the correction of pagination of acknowledgment clauses. Second, even if section 5301.45 did apply, the postpetition acknowledgment by the debtor was not voluntary. These issues are discussed more fully below.

1.  <u>Section 5301.45 is meant as a mechanism to correct pagination only</u>

While older versions of the statutes at issue in this case date back as early as the 1800's, the Court begins its analysis with the 1910 version of the Ohio General Code. *See* THE GENERAL CODE OF THE STATE OF OHIO (The Commissioners of Public Printing of Ohio 1910) ("Being an Act entitled 'An Act to revise and consolidate the general statutes of Ohio"). Section 8510 of the 1910 Ohio General Code provided:

> A deed, mortgage, or lease of any estate or interest in real property, must be signed by the grantor, mortgagor, or lessor, and such signing be acknowledged by the grantor, mortgagor, or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Such signing also must be acknowledged by the grantor,

13

> mortgagor, or lessor before a judge of a court of record in this state, or a clerk thereof, a county auditor, county surveyor, notary public, mayor, or justice of the peace, **who shall certify the acknowledgment on the same sheet on which the instrument is written or printed, and subscribe his name thereto**.

(Emphasis added). This 1910 statute outlined the requirements to validate a deed, mortgage, or lease, including the necessity for two witnesses and that the acknowledgment page be on the same page as the instrument, and is the precursor to Ohio Revised Code section 5301.01.

The original version of what is now Ohio Revised Code section 5301.45 is provided in *Local Laws and Joint Resolutions*, 57 v 10, and was titled as section 8559 of the Ohio General Code. The current version of the statute is substantially identical to its 1910 version and provides in full:

> When a deed, mortgage, lease, or other instrument of writing intended to convey or encumber an interest in real estate is not printed or written on a single sheet, or when the certificate of acknowledgment thereof is not printed or written on the same sheet with the instrument, and such defective conveyance is corrected by the judgment of a court, or by the voluntary act of the parties thereto, such judgment or act shall relate back so as to be operative from the time of filing the original conveyance in the county recorder's office.

OHIO REV. CODE § 5301.45.

Thus, the state of the law regarding the formal requirements of a valid mortgage in 1910 was that although section 8510 required the instrument and

14

acknowledgment clause to be on the same page, section 8559 allowed for correction of this deficiency through voluntary act of the parties or judgment by the court. However, the Ohio Supreme Court held in 1939 that certificates bound to an instrument substantially complied with the statute. The Court explained that:

> When the provision now found in Section 8510, General Code, was enacted, more than a hundred years ago, deeds, mortgages and leases were usually and could easily be written in their entirety on a single sheet of paper. In recent years many of such instruments are so long that to write or print them on one sheet would require a roll of paper. Often, too, the acknowledgments are so numerous as to present the same difficulty. What the Legislature sought by the enactment of the provisions now found in Section 8510 was no doubt the prevention of fraud that might be readily perpetrated if the certificate of acknowledgment were on a sheet separate from the instrument itself. With respect to the lease in litigation this danger is eliminated because the certificates are bound to the other parts by rivets so as to make a unified whole.

*S.S. Kresge Co., v. Butte*, 136 Ohio St. 85, 89-90 (1939).

Noticeably missing from later versions of section 8510 (now 5301.01 of the Ohio Revised Code), is the requirement that the notary certify the acknowledgment on the same sheet as the instrument. *See* OHIO REV. CODE § 1.01 ("All statutes of a permanent and general nature of the state as revised and consolidated into general provisions, titles, chapters, and sections shall be known and designated as the 'Revised Code'"); OHIO GENERAL CODE § 8510, OHIO REV.

15

CODE § 5301.01.  In fact, the current version of section 5301.07 specifically

provides that no instrument conveying real estate is defective or invalid because

"the certificate of acknowledgment is not on the same sheet of paper as the

instrument."

It appears that section 5301.45 was enacted to afford an opportunity for

parties to physically affix separate pages of an instrument and an acknowledgment

clause to enable substantial compliance with section 5301.01. The Ohio

Jurisprudence 3d contains an analysis of the interplay between these statutes.

> [Section 5301.45] assumes that the certificate of acknowledgment must
> be printed or written on the same sheet with the mortgage, or else the
> mortgage is defective; but there is now no statute specifically requiring
> the acknowledgment to be on the same sheet.  The reason for the above
> provision, so far as acknowledgments are concerned, undoubtedly lies
> in the fact that under an earlier from of RC section 5301.01, it was
> required that the acknowledgment be on the same sheet of paper as that
> on which the conveyance was written.  It seems likely that the omission
> from the statute in this respect was due to judicial construction of the
> former statute, in regard to which the courts, recognizing the ever-
> increasing length of instruments such as mortgages, held that the
> instrument was valid where the sheets were securely fastened together
> and a certificate of acknowledgment was on the last page.  In some
> cases, emphasis was placed upon the sheets being so fastened together
> that the one bearing the certificate of acknowledgment could not be
> removed without showing evidence of mutilation.

69 O. Jur. 3d Mortgages § 102 (1986).

The Ohio Transaction Guide, a multi-volume set that has provided

16

practitioners with research tools and practice tips for over thirty years is instructive and consistent with this Court's understanding of the intention of the statute. Section 188.30 of the Ohio Transaction Guide provides that "if a deed is not printed or written on the same sheet with the instrument, the conveyance may be corrected by the judgment of a court or by the voluntary act of the parties." It continues by providing that "[a]lthough it is not necessary to the validity of the deed that the acknowledgment appear on the same sheet of paper as the deed, the usual practice is to convey the property with the necessary acknowledgments on the same sheet." Thus, the original and later versions of section 5301.45 were designed as a mechanism for correcting failure to adhere to a repealed requirement of section 5301.01. This Court holds that section 5301.45 was enacted to amend mortgages and deeds where the execution and acknowledgment clauses were on separate pieces of paper, at a time in history when such documents were required to appear on the same page, and the parties wished to physically bind them together. Therefore, section 5301.45 cannot be used to correct the type of acknowledgment clause defect at issue in this case.

2. <u>The debtor's postpetition acknowledgment was not voluntary</u>

Even if this Court were to find that section 5301.45 can be utilized to cure a defective mortgage certification clause under section 546(b)(1), the debtor's

17

postpetition acknowledgment was not voluntary. Specifically, the debtor testified at a deposition after being served with process and was required to answer questions under oath. This is not the type of voluntary behavior provided for by the statute, especially because both the deposition and "re-recording" of the mortgage took place after the trustee had initiated this adversary proceeding, and served the debtor with a summons and complaint.

In summary, this Court holds that section 5301.45 can only retroactively perfect a mortgage where the instrument and acknowledgment clause are on separate pages, the parties voluntarily act to attach those pages, and the mortgage is otherwise a validly executed document. Therefore, the Court rejects RBC Mortgage's attempt to use section 5301.45 and the debtor's postpetition deposition testimony to correct the type of acknowledgment clause defect at issue in this case.

*The Trustee May Avoid the Debtor's Undivided Half Interest in the Subject Property*

Although it is well established that a trustee may avoid a debtor's half interest when a mortgage is found to be valid as to one co-owner and defective as to the other co-owner, RBC Mortgage asserts that the title of the tenancy held by the debtor and Radbourne somehow mandates a different result. This Court finds that Radbourne and the debtor held the property as joint tenants, as evidenced by

18

the deed's use of the language to "Mary Brigid, unmarried and Susan Radbourne, unmarried, **remainder to the survivor of them**," (emphasis added). Section 5302.20 provides that a deed showing a clear intent to create a joint tenancy with rights of survivorship "shall be liberally construed to do so." OHIO REV. CODE § 5302.20. This Court finds that based on the clear reading of the deed in question, the intention of the parties was to create a joint tenancy with rights of survivorship.

Further, joint tenants hold "an equal share of the title during their joint lives unless otherwise provided in the instrument creating the survivorship tenancy." OHIO REV. CODE § 5302.20. Although this statute provides that joint tenants are subject to a proportionate share of the costs related to ownership, it also provides that when a creditor of a survivorship tenant enforces a lien against the debtor's interest, the interest "shall be equal unless otherwise provided in the instrument creating the survivorship tenancy." OHIO REV. CODE § 5302.20. This proposition is supported by recent case law. In *Simon v. CitiMortgage, Inc., (In re Doubov)*, 423 B.R. 505 (N.D. Ohio 2010), the bankruptcy trustee sought to avoid the debtor wife's half interest in property that both spouses mortgaged as joint tenants. The trustee argued that a defective acknowledgment rendered the mortgage avoidable as to the debtor wife. Judge Morgernstern-Clarren held:

19

When the debtors granted the mortgage, they held the property under a survivorship tenancy. *See* Ohio Rev. Code §§ 5302.17, 5302.20. Under this form of ownership each survivorship tenant holds an equal share of the title to the property during their joint lives (unless the instrument creating the tenancy provides otherwise, which this one does not.) Ohio Rev. Code 5302.20(B). . . .

. . . .

Under Ohio law, a person is precluded from granting a mortgage on property in which he has no interest. *See Ins. Co. Of N. Am. v. First Nat'l Bank of Cincinnati*, 444 N.E. 2d 456, 459 (Ohio Ct. App. 1981). Additionally "a mortgagor can only bind the estate or property he has, and a 'mortgagee can take no greater title than that held by the mortgagor.'" *Stein v. Creter (In re Creter)*, Adv. No 06-2042, 2007 WL 2615214, at *4 (Bankr. N.D. Ohio Sept. 5, 2007) (quoting 69 Ohio Jur. 3d *Mortgages and Deeds of Trusts* § 17); *see also Stubbins v. HSBC Mortgage Servs., Inc. (In re Slack)*, 394 B.R. 164, 170 (Bankr. S.D. Ohio 2008). When Mr. Doubov gave the mortgage to Citifinancial, he only held title to the property under a survivorship tenancy; that one-half interest is what he mortgaged.

*In re Doubov,* 423 B.R. at 513-14.

Similarly, when the debtor and Radbourne mortgaged the property, they did so as joint tenants with rights of survivorship. The instrument creating the tenancy did not provide for other treatment of ownership, and thus the debtor, as a matter of law, held an undivided half interest in the property at the time it was mortgaged. When Radbourne gave the mortgage to RBC Mortgage, she only held a half interest, and that is what RBC Mortgage received. This conclusion is supported by the fact that both the debtor and Radbourne answered the trustee's

20

complaint by claiming an undivided half interest in the property, and this Court declines to consider any argument by RBC Mortgage that the debtor owes Radbourne some equitable relief as a result of her filing for a petition for bankruptcy. This Court holds that the certificate of acknowledgment is defective and the trustee can avoid the mortgage as it relates to the undivided half interest of Mary Brigid.

### *Unresolved Matters Including Radbourne's Cross-Claim*

While it appears that this decision resolves most of the claims at issue in this adversary proceeding, one matter not yet addressed in this decision is Radbourne's cross-claim against RBC Mortgage. In her cross-claim, Radbourne alleges that she was damaged as a result of negligence by RBC Mortgage in the preparation of the loan documentation and closing of the loan transaction that are the subject of this adversary proceeding. In its cross-motion for summary judgment, RBC Mortgage also seeks summary judgment on Radbourne's cross-claim. Radbourne has not filed a response.

The Court is reluctant to decide the merits of Radbourne's cross-claim absent further argument from the parties on the question of jurisdiction to hear this claim. For example, even if the parties were to consent to the undersigned judge entering a final judgment on the cross-claim, the Court has serious doubts as to

21

whether it has "related to" subject matter jurisdiction over a non-debtor's tort

claim against another non-debtor. See 28 U.S.C. § 1334; *In re Dow Corning*

*Corp.*, 86 F.3d 482 (6th Cir. 1996).

> An action is "related to bankruptcy if the outcome could alter the
> debtor's rights, liabilities, options, or freedom of action (either
> positively or negatively) and which in any way impacts upon the
> handling and administration of the bankruptcy estate."

86 F.3d at 489 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

For example, any recovery to the non-debtor Radbourne is unlikely to affect the

debtor's estate, either positively or negatively. Accordingly, any party wishing to

have this Court decide the cross-claim should be prepared to address the issue of

subject matter jurisdiction at a status conference at 1:30 P.M. on June 8, 2010.

In addition, while not included as a separate count, the trustee does seek, in

her prayer for relief, authority to sell the real property, including the interest of the

non-debtor co-owner. Therefore, counsel shall be prepared to advise the Court at

the status conference as to what additional steps are needed to resolve all

remaining claims in this adversary proceeding. Until there is a final decision on

Radbourne's cross-claim and any other unresolved claims, this is not a final

judgment for purposes of 28 U.S.C. § 158. *See* Bankr. Rule 7054 and Fed. R. Civ.

P. 54(b).

## CONCLUSION

For the reasons stated above, the Court holds that the certificate of acknowledgment is defective and the trustee can avoid the mortgage as it relates to the half interest of the debtor. Accordingly, the trustee's motion for summary judgment is granted. While it appears that this decision is largely dispositive, until there is a final decision on Radbourne's cross-claim, this is not a final judgment for purposes of 28 U.S.C. § 158. *See* Bankr. Rule 7054 and Fed R. Civ. P. 54(b). The Court will conduct a status conference at 1:30 p.m. on June 8, 2010. Counsel shall be prepared to advise the Court as to what additional steps are needed to resolve all remaining claims in this adversary proceeding.

IT IS SO ORDERED.